# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**VALENCIA RENA GARNER,**

      **Plaintiff,**

v.                                                 **Case No:  6:17-cv-1346-Orl-41DCI**

**CENTRAL INTELLIGENCE AGENCY,
FEDERAL POLICE, GREYHOUND
BUS TRANSPORTATION, U.S.
DEPARTMENT OF
TRANSPORTATION, LYNX and
MARTA,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. 2)** |
| **FILED:** | **July 21, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and this case be **DISMISSED**.

On July 21, 2017, Plaintiff Valencia R. Garner, proceeding pro se, instituted this action by filing a form titled Complaint for Violation of Civil Rights (the Complaint). Doc. 1. On the same day, Plaintiff filed the Application to Proceed in District Court Without Prepaying Fees or Costs (the Motion). Doc. 2.

As part of reviewing Plaintiff's Motion, the Court is obligated to review the Complaint associated therewith and dismiss the case if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[1] Although the Court must liberally construe Plaintiff's complaint, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), it is under no duty to "rewrite" the complaint. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although pro se litigants are entitled to a liberal construction of their pleadings, they are still required to conform to the procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (discussing Federal Rule of Civil Procedure 4(c)) (citation omitted).

Plaintiff has failed to conform to the procedural rules and has failed to state a valid cause of action against Defendants. Indeed, the Complaint is incomprehensible and fails to state any valid claim for relief. Plaintiff has filed many similar actions in this Court, and is currently enjoined from filing actions in this Court without meeting certain conditions, although this case

---

[1] The statute governing proceedings *in forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

was filed prior to the entry of that injunction. *See Garner v. Orlando*, 6:17-cv-1128-Orl-18KRS, at Doc. 6 (M.D. Fla. July 28, 2017) (adopting Report and Recommendation (Doc. 3) that details Plaintiff's history of filing frivolous actions).

In most cases, the Court will provide a pro se litigant such as Plaintiff at least one opportunity to amend her complaint prior to a dismissal of that complaint with prejudice and a closure of the case. However, given Plaintiff's history of filing frivolous cases, and the fact that it appears that the Complaint is wholly without merit, it is respectfully recommended that the Court deny the Motion, dismiss the Complaint, and direct the Clerk of Court to close this case.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 2) be **DENIED**;

2. The Complaint (Doc. 1) be **DISMISSED**; and

3. The Clerk of Court be directed to **CLOSE** the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 15, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge

- 4 -

Counsel of Record
Unrepresented Party
Courtroom Deputy